IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-61,742-01






EX PARTE PAUL JAMES GRUDZIEN, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS

IN CAUSE No. 2159 IN THE 287TH DISTRICT COURT

BAILEY COUNTY





 Johnson, J., filed a concurring statement.



C O N C U R R I N G S T A T E M E N T



 On August 31, 2005, we remanded this application to the trial court and directed it to
determine whether applicant plead guilty to the offense of tampering with physical evidence
believing, on the advice of counsel, that he could raise a claim of double jeopardy on direct appeal
without first raising it in the trial court. Applicant's claim raised potential issues of both involuntary
plea and ineffective assistance of counsel.

 On remand, the trial court scheduled evidentiary hearings on October 26 and November 9,
2005, to determine whether counsel's advice to applicant was deficient. On January 3, 2006, this
Court received findings of fact from the trial court stating that, on November 8, 2005, a
representative of applicant's counsel contacted the trial court to request that the November 9 hearing
be rescheduled. The findings also noted that, since November 8, 2005, neither the state nor
applicant's counsel has contacted the trial court to reschedule the canceled hearing. Two subsequent
sets of findings from the trial court are identical to the January 2006 findings. There is nothing in
the findings or elsewhere in the record to indicate whether applicant consented to, or even knew of,
his counsel's request to "reschedule" the hearing ordered by this Court on the issue of counsel's
allegedly deficient representation.

 According to the Texas Department of Criminal Justice-Classification and Records,
applicant's sentence discharged on October 10, 2006. Accordingly, I must agree that his application
should be dismissed, as this Court now lacks jurisdiction. However, I note that applicant has never
had a hearing on his claim, here or in the trial court. I therefore believe that applicant may file a
subsequent application for a writ of habeas corpus and, if he is able to sufficiently plead collateral
consequences, this Court may then reach the merits of his claim. Tex. Code Crim. Proc. art. 11.07,
§ 3(c).


Filed: June 25, 2008

Do not publish